842 F.2d 332
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lillie P. LEWIS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1161.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 Before MERRITT and RYAN, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this social security appeal of the District Court's decision affirming the Secretary's denial of benefits, the primary issue is whether plaintiff Lillie P. Lewis suffers from a severe impairment. We reverse because the record does not contain substantial evidence that Lewis does not have a severe impairment.
 
 
 2
 In evaluating claims for social security benefits, the ALJ and reviewing courts follow procedures set forth in 20 C.F.R. Sec. 404.1520(a)-(f) (1987). First, the judge determines whether the claimant is currently engaging in substantial gainful activity and if she is, then the inquiry ends with a finding of nondisability. Second, if the claimant is not engaged in gainful activity, the judge determines if she has a severe impairment and if she does not, the inquiry ends with a finding of nondisability. Third, if the claimant has a severe impairment, the judge compares it with those in the Listing of Impairments, 20 C.F.R. Buspart P, Appendix 1 (1987). If the impairment corresponds with the Listing, the disability is presumed and benefits are awarded. Fourth, if claimant's impairments do not comply with the Listing, the judge determines whether claimant can perform relevant past work. If she can, then the inquiry ends with a finding of nondisability. If the claimant cannot perform past work then she has made a prima facie case of disability and the judge proceeds to the last step of the evaluation process. At this fifth stage, the government may rebut claimant's case by relying on the medical-vocational guidelines--the "grid." 20 C.F.R. Sec. 404.1520(f); Sec. 404.1569; Subpart P, Appendix 2, Sec. 200.00.
 
 
 3
 The ALJ determined that Lewis is not engaged in substantial gainful activity, and she does not have a severe impairment. ALJ Opin. at 2, 5. The latter view requires a finding of nondisability. Sec. 404.1520(c). The regulations indicate that "If we find that you are disabled or not disabled at any point in the review, we do not review further." Sec. 404.1520(a); see also Mowery v. Heckler, 771 F.2d 966, 974 (6th Cir.1985). The ALJ nevertheless went on to conclude that Lewis' condition does not prevent her from performing her relevant past work. We view the ALJ's statements regarding Lewis' past work as dicta. The issue on appeal therefore is whether there is substantial evidence for the ALJ's finding that Lewis does not suffer from a severe impairment under Sec. 404.1520(c).
 
 
 4
 An impairment is severe if it significantly limits a claimant's physical or mental ability to do basic work activities. Sec. 404.1520(c). The medical evidence alone in this case indicates that Lewis' osteoarthritic condition is a severe impairment.
 
 
 5
 The government presented one medical report prepared by its own consultative physician who did not complete a physical capacities evaluation report, or otherwise describe Lewis' residual functional capacity. This report states that Lewis is tender in the region of her shoulder blades and in the lumbar paraspinal area. The doctor concluded that Lewis moves freely.
 
 
 6
 Lewis presented the reports of two radiologists, a Board certified internist specializing in rheumatology and a Board certified orthopedic specialist--all of which indicate that she suffers from osteoarthritis or degenerative disc disease. Lewis' orthopedic specialist completed a physical capacities evaluation and determined that Lewis can sit for two hours, stand and walk for one hour each and occasionally lift no more than five pounds.[1]
 
 
 7
 Because the reports of Lewis' doctors show that she suffers from a severe impairment, we reverse the District Court's decision affirming the Secretary's denial of benefits and we remand to the District Court for remand to the Secretary for a determination of Lewis' claim under the remaining steps of the sequential process, Sec. 404.1520(d)-(f).
 
 
 
 [1]
 The ALJ viewed this report as "an obvious effort of unpersuasive advocacy of disability without clinical foundation." ALJ Opin. at 4. This conclusion appears unsupported since the physician based his assessment on a thorough evaluation of Lewis and an x-ray examination. J.A. at 129-32